**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIA LAYRISSE,**

        **Plaintiff,**　　　　　　　　　　**Case No.:**

**v.**

**ACCESS HEALTH CARE**
**PHYSICIANS, LLC**

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARIA LAYRISSE, by and through her undersigned counsel and sues the Defendant, ACCESS HEALTH CARE PHYSICIANS, LLC (hereinafter referred to as "AHCP" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.　Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.　Defendant, AHCP, is a Florida Limited Liability Company authorized and doing business in this Judicial District.

4. Plaintiff, MARIA LAYRISSE, is a resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, MARIA LAYRISSE, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on January 4, 2018.

10. On November 8, 2018, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff is an individual with a disability; specifically Plaintiff has been diagnosed with, and suffers from chronic daily headaches, migraine headaches, rebound headaches and a history of seizures.

13. On or about November 13, 2013, Plaintiff began her employment with Defendant as a Medical Assistant.

14. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations and pay raises.

15. In or around August 2017, Dawn Crasmata (Manager) called Plaintiff to her office, criticized Plaintiff, and issued Plaintiff a write-up for missing eleven (11) days of working during the prior year. Shannon Cook (Team Lead) and Cindy (last name unknown, Team Lead) were also at the meeting.

16. Crasmata was angry during the meeting, but Plaintiff explained to her that four (4) of the days were due to Plaintiff being in the hospital because one of the Defendant's doctors (Dr. Herndon) thought that Plaintiff was having a stroke and sent Plaintiff to the emergency room by ambulance.

17. Plaintiff tried more than once to speak with Dr. Veselin Stoyanov about Crasmata's criticism related to the days of work that Plaintiff missed, but he kept ignoring Plaintiff's concerns.

18. On October 10, 2017, Plaintiff sent text messages to Cook and Crasmata, informing them that she had a severe migraine. Plaintiff's supervisors were well aware of

Plaintiff's migraines, as Plaintiff had previously provided them with documents from Plaintiff's neurologist.

19. After informing them, Cook sent Plaintiff a text message stating that the doctors needed a note from Plaintiff's doctor before Plaintiff could return to work.

20. Plaintiff contacted her primary care physician, but could not get a same-day appointment. However, Plaintiff spoke with the doctor's office over the phone and Plaintiff's doctor called in a prescription for Plaintiff.

21. After speaking with the doctor's office, Plaintiff sent a text message to Cindy (last name unknown, Team Leader) and informed her that she would be bringing a doctor's note the next day. Plaintiff did not receive a response. Then, Plaintiff sent a text message to Crasmata, who told Plaintiff that she was not in the office and that Plaintiff should text Cook. Plaintiff sent a text message to Cook, but she did not respond.

22. On October 10, 2017, shortly before 5:00 p.m., Plaintiff received a phone call from Kelly (last name unknown, Human Resources.) Kelly was rude to Plaintiff and stated that "the doctors" no longer wanted or needed Plaintiff there any longer and that they would send Plaintiff her personal belongings.

23. On October 12, 2017, Plaintiff spoke with Cindy Smith (Human Resources). Smith asked Plaintiff why she never called her and told her about what happened. Plaintiff explained that she reached out to both Cook and Crasmata, but they never got back with Plaintiff. Smith stated that she could have given Plaintiff options, including Family and Medical Leave Act leave, but that she could not because Plaintiff was terminated.

24. AHCP never offered Plaintiff FMLA leave during Plaintiff's employment.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT – DISCRIMINATION**

25. Plaintiff, MARIA LAYRISSE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

26. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

27. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

28. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's chronic headaches, migraine headaches, rebound headaches and seizures substantially limit one or more major life activities.

29. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

30. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant failed to reasonably accommodate Plaintiff's disabilities and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

31. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

32. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

33. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

34. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MARIA LAYRISSE, prays for the following damages against Defendant, AHCP:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

35. Plaintiff, MARIA LAYRISSE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

36. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

37. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

38. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's chronic daily headaches, migraine headaches, rebound headaches and seizures substantially limit one or more major life activities.

39. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

40. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant failed to reasonably accommodate Plaintiff's disabilities and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

41. The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

42. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MARIA LAYRISSE, prays for the following damages against Defendant, AHCP:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

45. Plaintiff, MARIA LAYRISSE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

46. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

47. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for Defendant during twelve (12) months immediately preceding her being qualified for FMLA

leave, and worked at a location where Defendant had at least fifty (50) employees within seventy-five (75) miles.

48. Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

49. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

50. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant failed to offer or otherwise inform Plaintiff of her rights under the FMLA.

51. Defendant's actions constitute violations of the FMLA.

52. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, MARIA LAYRISSE, prays for the following damages against Defendant, ACCESS HEALTH CARE PHYSICIANS:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

53. Plaintiff, MARIA LAYRISSE, demands a trial by jury on all issues so triable.

　　**DATED** this 10th day of January 2019.

　　　　　　　　　　　　　　　　　　**FLORIN GRAY BOUZAS OWENS, LLC**

　　　　　　　　　　　　　　　　　　*/s/  Gregory A. Owens*
　　　　　　　　　　　　　　　　　　**GREGORY A. OWENS, ESQUIRE**
　　　　　　　　　　　　　　　　　　Florida Bar No.: 51366
　　　　　　　　　　　　　　　　　　greg@fgbolaw.com
　　　　　　　　　　　　　　　　　　**WOLFGANG M. FLORIN, ESQUIRE**
　　　　　　　　　　　　　　　　　　Florida Bar No.: 907804
　　　　　　　　　　　　　　　　　　wolf@fgbolaw.com
　　　　　　　　　　　　　　　　　　16524 Pointe Village Dr., Suite 100
　　　　　　　　　　　　　　　　　　Lutz, Florida 33558
　　　　　　　　　　　　　　　　　　Telephone No.:  (727) 254-5255
　　　　　　　　　　　　　　　　　　Facsimile No.:  (727) 483-7942
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff